**Elensky v. Donohue**

*David P. King,* for plaintiff.
*Toni M. Cherry,* for defendant.
*Timothy E. Durant,* for objectant.

REILLY, *P.J.,* October 19, 1981 — Leo A. Donahue, III, defendant above-named, was sued in assumpsit before District Magistrate Daisher (1981-713-80). Judgment was entered against him and no appeal was taken. Donahue was the sole owner of a 1960 Ford Thunderbird which was levied upon by plaintiff and a constable's sale scheduled. Prior to the institution of the action in assumpsit, Lynda L. Donahue, wife of defendant above-named, filed a complaint in divorce which included a claim for equitable distribution of property and attached thereto an inventory of marital property. The inventory included the 1960 Thunderbird.

Prior to the constable's sale, the objectant Lynda L. Donahue filed a claim against the automobile pursuant to Pa.R.C.P.J.P. 413(2), and thereafter, the district magistrate held that said Lynda L. Donahue had no legal claim to the automobile. She then timely filed a statement of objection to the

order pursuant to Pa.R.C.P.J.P. 101(6) and the matter is presently at issue before this court.

Although the 1960 Thunderbird is in the name of Leo A. Donahue, III, the parties agree that the vehicle is marital property under section (401)(f) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §401(f). However, the parties disagree on the question of whether Lynda L. Donahue has sufficient interest in the vehicle to prevent its judicial sale. This court holds that she does not. The 1980 Divorce Code 23 P.S. §403(d) states: "Any encumbrance or disposition of property to third persons who had notice of the pendancy of the matrimonial action or who paid wholly inadequate consideration for such property may be deemed fraudulent and declared null and void." The key word in this sentence is "may." Clearly, the legislature intended to give courts a great deal of latitude in enforcing this section by permitting the courts to determine when to step in and void a transaction. See also, Perlberger Practice and Procedure Under the New Divorce Code, Sec. 5.3.1.(6)(5)(1980).

If the court were to permit the suspension of judicial sales whenever marital property is at issue, legitimate creditors who have no interest in the divorce proceedings could be brought in, at least figuratively, as interested parties. Obviously, such a consequence would be undesirable and unnecessary. Therefore, this court will allow the sale to proceed as scheduled. However, the marital estate will be credited for the full fair market value of the 1960 Thunderbird at the time of its transfer. If it is later determined that Mrs. Donahue was entitled to the automobile, its unavailability will be considered a "dissipation . . . of the marital property" for which Mr. Donahue will be responsible under the Divorce Code: 23 P.S. 401(d)(7).

Wherefore, the court enters the following

## ORDER

Now, October 19, 1981, it is the order of this court that the statement of objection filed by Lynda L. Donahue to the Judicial Sale be and is hereby dismissed.